# Lane *v.* Coin Machine Manufacturing Co., Appellant.

*Corporations—Stock subscription—Breach of contract—Reduction of par value of stock.*

Where a corporation having an authorized capital stock of $4,-000,000 divided into shares of $100 each contracts to sell five shares of its stock at par to a purchaser payable in installments, and after

the purchaser has paid $400 the company reduces the par value of the shares to $10 the purchaser may regard the change in the par value of the stock as a breach of contract, and recover the $400 which he had paid to the company.

Argued Oct. 11, 1917. Appeal, No. 204, Oct. T., 1917, by defendant, from order of C. P. No. 3, Philadelphia Co., Sept. T., 1916, No. 128, making absolute rule for judgment for want of a sufficient affidavit of defense, in case of Guy S. Lane v. Coin Machine Mfg. Co. Before ORLADY, P. J., HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit to recover money paid on a stock subscription.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Superior Court states the case.

The court in an opinion by FERGUSON, J., made absolute the rule for judgment.

*Error assigned* was the order making absolute the rule for judgment.

*Jas. A. Bayard,* of *Prichard, Saul, Bayard & Evans,* for appellant, cited: Caley v. Philadelphia & Chester County R. R. Co., 80 Pa. 363; Dorris v. Sweeney, 60 N. Y. 463; Santa Cruz R. R. Co. v. Schwartz, 53 Cal. 106; Katama Land Co. v. Jernegan, 126 Mass. 155; Port Edwards C. & N. Ry. Co. v. Arpin, 49 N. W. (Wis.) 828; Myers v. Sturges, 108 N. Y. Supp. 528; McAllister v. American Hospital Assn., 125 Pac. Rep. 286.

*George J. Edwards, Jr.,* for appellee.—The judgment of the court below is sustained in principle by the Supreme Court of Pennsylvania in Caley v. Philadelphia & Chester County R. R. Co., 80 Pa. 363.

OPINION BY HENDERSON, J., March 2, 1918:

The defendant agreed to sell to the plaintiff five shares of its treasury stock of the par value of $100 per share for the consideration of $500, one hundred dollars of which was to be paid in cash and the remainder in monthly payments of twenty-five dollars each until the full amount of $500 was paid. Four hundred dollars were paid on the contract and when the plaintiff tendered the balance due and demanded his shares of stock the defendant offered him five shares of the par value of ten dollars per share. The explanation of this offer was that between the date of the contract and the time of the tender the company had reduced its capital stock from $4,000,000 to $400,000, pursuant to authority of the laws of the State of Oregon where the defendant was incorporated and had its principal place of business. It is conceded that the defendant is not able to deliver to the plaintiff shares of stock of the kind described in the contract, but it is contended that the shares proposed to be given represent the same proportionate interest in the reduced capital stock which he would have had in the corporation as existing at the time the contract was made and that a delivery of the shares of a par value of ten dollars each would be a performance of its contract by the defendant and we are asked to hold that the plaintiff is in the same situation if he take shares of the company at ten times their face value which he would occupy if he held the shares under the greater capitalization at their par value. The learned judge of the court below in disposing of the rule for judgment for want of an affidavit of defense expressed the opinion that the plaintiff was not bound to accept the shares at the reduced par value because they were not the property contracted for and this we regard as the correct conclusion to be arrived at on the admitted facts. It is not at all clear that a shareholder who has acquired his stock at its par value in a corporation capitalized at $4,000,000 is in the same situation as if he acquired

shares at a par value of ten dollars each at a cost of ten times their face value.   We are not informed what proportion of the capital stock originally authorized was issued before the reduction nor what the market value of the treasury stock is since the reduction.   It is evident however that the plaintiff purchased on the assumption that the stock was worth its face and that he was becoming a stockholder in a corporation having capital stock worth $4,000,000.   It might well be believed that as affecting the selling value of the stock an investment in such a corporation might be more desirable than in the shares of a corporation whose capital was limited to $400,000.   Nor is it clear that the owner of shares having a par value of ten dollars each could dispose of them at ten times their face value as readily as could shares be disposed of under a larger capitalization at their face value.   Certain it is that the plaintiff was dealing on the basis of stock selling at par on a $4,000,000 capitalization and that he can not get the shares as contracted for.   Nothing in the case inclines us to the belief that what was offered to him by the defendant is substantially the same as that which he bought and as the defendant has disabled itself from performing the contract according to its terms the plaintiff is entitled to the sum which he paid for the shares which he can not procure.

The judgment is affirmed.